## CONNELL et al. v. MILLER et al.

No. 28601. March 14, 1939.

Lee & Allen, for plaintiffs in error.

J. N. Fortner, for defendants in error.

HURST, J. This is an action against Ben Miller to recover on a note and to foreclose a mortgage securing the same. Plaintiffs alleged the execution of the note and mortgage by Miller and that it was due and unpaid, and prayed judgment against Miller, and that the mortgage be foreclosed. The parties stipulated that Ben Miller had executed the note in question in the sum of $1,800 and that it was secured by a mortgage executed by him. In his answer and cross-petition, Miller alleged that

J. Randall Connell approached him with a proposition that if he would furnish land as security for a loan, that Connell and Wm. A. Tidwell, then county judge of McCurtain county, would cause certain guardians under the control of the county court of McCurtain county to make him a loan; that he furnished the security, and Connell and Tidwell secured the loan; that he got only $400 of the money and that the balance went to Connell and Tidwell: that he had repaid his $400; and prayed that Connell and Tidwell be interpleaded as parties defendant and that judgment go against them for the balance due on the note. Thereupon, the court made its order making Connell and Tidwell defendants in the case. These defendants filed a motion to strike the cross-petition, which motion was overruled. Trial was had to the jury and resulted in a verdict against Miller, Connell, and Tidwell in the amount of $1,400. The jury in effect found that Miller had satisfied $400 of the note and that $1,400 remained due and unpaid. Judgment was entered thereon, together with a decree of foreclosure of the mortgage in the event the judgment was not satisfied. Defendants Connell and Tidwell appeal.

Appellants urge numerous assignments of error, but under the view we take of the case, we deem it necessary to consider only the first, that is, that the court erred in overruling their motion to strike. In this connection, Connell and Tidwell contend they are not proper parties. We are committed to the rule that "a cause of action set up in a cross-bill against a party who has been made a codefendant on motion of the original defendant must be germane to the original controversy, and, where the defendant seeks to litigate a new and distinct controversy between himself and a codefendant in said cross-bill, the same is not maintainable under the provisions of the Code as a counterclaim or cross-bill; the defendant will be required to litigate said counterclaim or cross-bill against his codefendants in a separate action." Patterson v. Central State Bank (1919) 75 Okla. 147, 182 P. 678. See, also, Johnson v. Cullinan (1923) 94 Okla. 246, 221 P. 732; Johnson v. Moore (1925) 113 Okla. 238, 241 P. 140; State Nat. Bank of Shawnee v. Central Nat. Bank of Tulsa (1930) 146 Okla. 142, 293 P. 1007.

Under the foregoing rule we must ascertain whether the issues between defendant Miller and the codefendants Connell and Tidwell are germane to the issues between plaintiffs and defendant Miller. It is at once apparent that they are not. Plaintiffs sued on a note and to foreclose a mortgage, and the issues raised by this action are whether the note and mortgage were executed for a consideration and is now due and unpaid. The issues between the defendants are as to who got the money and whether there was an agreement between them to contribute to the repayment of the money defendant Miller had borrowed. These issues in no way affect plaintiffs' right to recover. Plaintiffs are not interested in who got the money or what agreements were made among defendants. Plaintiffs seek judgment only against defendant Miller, who signed the note and gave the mortgage as security therefor. The allegations in defendant's answer and cross-petition do not raise a defense to plaintiffs' action, and do not in any way affect it. Thus it is plain that the issues raised by the cross-petition are not germane to the issues of the original action.

This brings us to the question of the method of making the objection. The objection was raised in the instant case by Connell and Tidwell by a motion to strike the cross-petition. The question may be properly raised in this manner. Tracey v. Crepin (1914) 40 Okla. 297, 138 P. 142; Harrill v. Lamon (1929) 138 Okla. 264, 280 P. 849; Hardy v. Bowzer (1937) 181 Okla. 360, 73 P.2d 1158.

The cause is remanded, with directions to dismiss the cause without prejudice as against defendants Connell and Tidwell, and is affirmed as to defendant Miller.

BAYLESS, C. J., and OSBORN, GIBSON, and DANNER, JJ., concur.