[No. 28278.   Department One.   May 9, 1941.]

*In the Matter of the Estate of* MARY ELIZABETH RANDALL, *Deceased.*

ORA RANDALL JOHNSON *et al., Appellants,* v. MATTIE L. RANDALL *et al., Respondents.*[1]

[1]Reported in 113 P. (2d) 54.

*James A. Brown (W. F. McNaughton* and *J. H. Felton,* of counsel), for appellants.

*Wilkinson & Evans,* for respondents.

BLAKE, J.—This is an appeal from a judgment of dismissal after entry of an order sustaining demurrers to the amended complaint. The controversy involves the validity of an order entered by the superior court of Whitman county admitting to probate what purported to be the will of Mary Elizabeth Randall. The appellants are two sons, a daughter, and three grandchildren of decedent. The respondents are two daughters. Two causes of action are set up in the amended complaint. We think, however, in stating the facts, that it is unnecessary to keep the causes of action segregated. Stated generally, the essential facts alleged in the amended complaint are as follows:

Mary Elizabeth Randall, a resident of Moscow, Idaho, died November 20, 1934, leaving a considerable estate in both the states of Idaho and Washington. The estate in Washington consists of 280 acres of farm land in Whitman county. What purported to be a will of decedent was filed for probate in the probate court of Latah county, Idaho, on December 10, 1934, by respondents. Appellants filed objections to the probate of the instrument. The matter came up for hearing before the probate court on January 17, 1935, and an order was entered admitting the will to probate. This order was entered, however, without a trial upon the merits of the contest. On the same day, appellants gave notice of and perfected an appeal from such order to the district court of Latah county.

Statutes of the state of Idaho are set out in the complaint defining the jurisdiction of the probate court and

of the district court. Decisions of the supreme court of Idaho are cited interpreting these statutes. It is alleged in the amended complaint that, by virtue of these statutes and decisions, the probate court lost all jurisdiction of the estate of decedent when respondents perfected their appeal to the district court on January 17, 1935. Nevertheless, respondents, on January 19th, obtained exemplified copies of the purported will and of the order admitting it to probate, and filed them in the superior court of Whitman county on January 21, 1935. Upon the strength of this exemplified record, the superior court of Whitman county, pursuant to the provisions of Rem. Rev. Stat., § 1392 [P. C. § 10044], admitted the will to probate on February 2, 1935.

It is alleged that, under the laws of the state of Idaho, the district court is the tribunal having original jurisdiction of will contests; and that the contest of Mrs. Randall's will first came up for trial in that court before a jury, which, on January 2, 1936, returned a verdict in favor of the contestants. Upon motion of respondents, a judgment notwithstanding the verdict was entered upholding the will. From that judgment, contestants appealed to the supreme court of Idaho. That court reversed the judgment and remanded the matter to the district court for retrial. *In re Randall's Estate,* 58 Idaho 143, 70 P. (2d) 389.

Upon retrial, a jury again found the purported will to have been executed by decedent while "acting through fraud or undue influence . . ." In accordance with this verdict, the district court, on May 21, 1938, entered a decree adjudging that:

"The said purported will of Mary Elizabeth Randall, deceased, so filed in the said probate court was procured by fraud and undue influence and that the said purported will is void and of no effect and the said order of the Probate Court of Latah County, Idaho, admitting said purported will to probate and appoint-

ing executrices be and the same hereby is reversed and set aside in all of its provisions, *subject to the motion for new trial now pending in this court.*" (Italics ours.)

Subsequently, the district court entered an order granting a new trial, from which contestants again appealed to the supreme court. The latter court again reversed, and remanded the cause to the district court, with directions to reinstate the decree of May 21, 1938. *In re Randall's Estate,* 60 Idaho 419, 93 P. (2d) 1.

Thus, it has been finally and conclusively established by the courts of her domicile that Mary Elizabeth Randall died intestate.

Notwithstanding that adjudication, the trial court held, in the instant case, that the order of the superior court of Whitman county admitting the will to probate is invulnerable to attack by virtue of Rem. Rev. Stat., § 1380 [P. C. § 10049], which declares that "such order shall be conclusive as against all the world except in the event of a contest of such will as hereinafter provided." In face of the judgment of the courts of Idaho holding the will invalid, must it be held that, with respect to her estate in Washington, Mrs. Randall died testate?

Respondents insist that we must so hold under a long line of decisions to the effect that a decree admitting a will to probate is conclusive against all the world if a contest is not initiated within the time limited by statute. Rem. Rev. Stat., § 1385 [P. C. § 10017] (Rem. & Bal. Code, § 1309). Construing these statutes, this court has held that, a will having been admitted to probate, and no contest initiated within the statutory limitation, the superior court can not entertain an application for probate of a later will (*State ex rel. Wood v. Superior Court,* 76 Wash. 27, 135 Pac. 494); that "all contests based upon any cause

affecting the validity of the will must be commenced within . . . [the time limited], and if not so commenced the probate becomes a final adjudication as to the validity of the will, binding upon the whole world, . . ." (*Horton v. Barto*, 57 Wash. 477, 107 Pac. 191, 135 Am. St. 999); that the statute bars any subsequent contest or proceeding at law or in equity to set aside the probate on the ground of fraud inducing the will or procuring its probate, or on the ground that it has been revoked by a subsequent marriage (*In re Hoscheid's Estate*, 78 Wash. 309, 139 Pac. 61); that a contest upon the ground the will was not attested in the manner required by law can not be waged after the time limited by Rem. Rev. Stat., § 1385, has expired (*Laack v. Hawkins*, 155 Wash. 308, 284 Pac. 89); that failure to reduce to writing the testimony of subscribing witnesses and fraud in procuring probate of the will are matters that must be raised upon contest within the time limited (*In re Nielsen's Estate*, 198 Wash. 124, 87 P. (2d) 298).

■ From these decisions, it would appear that the court has held domestic wills admitted to probate pursuant to Rem. Rev. Stat., § 1380, invulnerable to attack on any conceivable ground unless a contest is initiated within the time limited by Rem. Rev. Stat., § 1385 (Rem. & Bal. Code, § 1309).

But are these decisions relating to domestic wills, so admitted to probate, authority for holding that the will here in controversy is now invulnerable to attack? Respondents insist that they are. They argue that the appellants had the right to contest the will in the superior court of Whitman county, and that, having failed to exercise that right within the time limited by Rem. Rev. Stat., § 1385, they have forfeited it. Had the will been originally proved in this state pursuant to the provisions of Rem. Rev. Stat., § 1380, as it

might have been (*Rader v. Stubblefield*, 43 Wash. 334, 86 Pac. 560), there would be much in this argument— for it would be difficult to justify any distinction as to the force of a decree admitting a foreign will to probate pursuant to the provisions of Rem. Rev. Stat., § 1380, and the force of a decree admitting a domestic will to probate under the same section.

But there is a sharp division of authority concerning the right to contest a will outside the domiciliary jurisdiction where the validity of the will in the ancillary jurisdiction rests wholly upon an exemplified record of the proceedings by which it was admitted to probate in the court of the testator's domicile. In the following cases, it is held that a will so admitted to probate in the ancillary jurisdiction is subject to contest, and that the contest is subject to the same limitations as contests of domestic wills. *Cohen v. Herbert*, 205 Mo. 537, 104 S. W. 84, 120 Am. St. 772; *Dibble v. Winter*, 247 Ill. 243, 93 N. E. 145; *Evansville Ice & Storage Co. v. Winsor*, 148 Ind. 682, 48 N. E. 592; *Selle v. Rapp*, 143 Ark. 192, 220 S. W. 662, 13 A. L. R. 494.

We think we may, for the purposes of this decision only, accept the doctrine laid down in those cases, for in none of them do we meet the situation with which we are confronted in the instant case. In none of the cited cases does it appear that a contest of the will had been initiated in the domiciliary jurisdiction before the will was admitted to probate in the ancillary jurisdiction upon the exemplified record issued by the court of the testator's domicile. In other words, the decree admitting the will to probate in the ancillary jurisdiction was entered *upon a duly authenticated and subsisting* decree of the court of the testator's domicile.

In the case at bar, however, the decree of the

superior court of Whitman county admitting the will to probate was based upon a decree of the probate court of Latah county, Idaho, which was of no force or effect—for, under the law of Idaho, as pleaded, the appeal taken by contestants to the district court of Latah county deprived the probate court of jurisdiction over the matter and suspended the operation of its decree admitting the will to probate.

It is to be remembered that the order admitting the will to probate was entered January 17, 1935, and the appeal was taken and perfected as of the same day. It was not until January 19th that exemplified copies of the will and proceedings were issued by the probate court. Since the appeal rendered the order admitting the will to probate abortive, the exemplification of the will and the order was a nullity. There was no subsisting will or order upon which the jurisdiction of the superior court of Whitman county could be invoked or upon which a decree admitting the will to probate could be predicated. Rem. Rev. Stat., § 1392, providing for establishment of foreign wills by the production of exemplified copies, of necessity presupposes the authenticity and validity of the proceedings had in the court of domiciliary jurisdiction.

We are of the view that, under the facts as alleged in the amended complaint, the superior court did not acquire jurisdiction, and that its order admitting the will to probate is void. Our conclusion is directly supported by the only decision in which analogous facts were under consideration. *Patterson v. Dickinson*, 193 Fed. 328. Inferentially, we also find support in the following cases: *State ex rel. Ruef v. District Court*, 34 Mont. 96, 85 Pac. 866, 115 Am. St. 510, 6 L. R. A. (N. S.) 617; *Payne v. Payne*, 239 Ky. 99, 39 S. W. (2d) 205; *Rackemann v. Taylor*, 204 Mass. 394, 90 N. E. 552; *In re Clark's Estate*, 148 Cal. 108, 82 Pac. 760,.

113 Am. St. 197, 1 L. R. A. (N. S.) 996. Generally speaking, it is held in this group of cases that courts of ancillary jurisdiction are bound by comity or the due faith and credit clause of the Federal constitution to accept the adjudication of courts of domiciliary jurisdiction upon the validity or invalidity of wills.

█ █ Holding as we do, under the facts alleged in the amended complaint, that the decree of the superior court of Whitman county is void, it follows that the statute (Rem. Rev. Stat., § 1385) limiting the time for contest can have no application. A void decree may be *directly* attacked at any time by a party adversely affected by it. Freeman on Judgments (5th ed.), 642, § 322; 31 Am. Jur. 91, § 430; *In re Yamashita*, 30 Wash. 234, 70 Pac. 482, 94 Am. St. 860, 59 L. R. A. 671; *Hole v. Page*, 20 Wash. 208, 54 Pac. 1123; *In re Christiansen*, 17 Utah 412, 53 Pac. 1003, 70 Am. St. 794, 41 L. R. A. 504; *Thompson v. Short*, 6 Wn. (2d) 71, 106 P. (2d) 720.

The judgment is reversed, and the cause remanded with directions to overrule the demurrers.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.