JAMES v. SMITH.

No. 30636. May 25, 1943.

*137 P. 2d 904.*

John L. Goode and Mark Goode, both of Shawnee, for plaintiff in error.

I. C. Saunders and Harris Van Wagner, both of Shawnee, for defendant in error.

CORN, C. J. This action was commenced in the district court of Pottawatomie county by Orville Tilley against J. F. Smith to recover the sum of $5,963.91 as balance due upon contract for drilling a well for oil and gas. The contract sued upon was in the form of a letter from Orville Tilley to C. W. James and J. F. Smith embodying the terms upon which he agreed to drill the well, and Smith signed the acceptance of the same on both the original and copy.

The drilling to a depth of 4,100 feet at $4 per foot and a number of other items chargeable under the contract brought the total obligation up to $17,963.81. Smith paid the sum of $12,-000 on the contract, and Tilley brought suit for the balance.

Smith filed an answer alleging that a contract had been entered into between himself and James for the drilling of a well at said location, and that the plaintiff, Tilley, well knew at all times during the negotiations and at the time of entering the contract that James was a party to the contract, and that he was liable for the payment of one-half of the cost of drilling said well, and that James was a necessary party to the action; that James had paid no part of the contract, and prayed that the plaintiff take nothing against the answering defendant, Smith.

Smith filed a cross-petition against James, pleading a contract between James and himself, wherein James assigned to him an undivided one-half interest in the lease and commitment of the Stanolind Oil & Gas Company and Amerada Petroleum Company, and an agreement of the Atlantic Petroleum Company to contribute $8,000 toward the expense of drilling the well, and in said cross-petition asked that James be required to pay one-half of the cost of drilling the well, which was the sum of $8,981.91 sued for in the action.

James was brought into the action on motion of defendant, Smith, and after objecting to the jurisdiction of the court for reasons hereinafter discussed, filed his answer to Smith's cross-petition pleading payment of his one-half of the drilling cost by reason of having assigned to Smith the contract of the Atlantic Petroleum Company to pay $8,000 upon compliance with the drilling contract.

At the trial, upon the introduction of formal proof by the plaintiff, the court rendered judgment for plaintiff against Smith, as prayed, and the trial proceeded upon the cross-petition of Smith against James. The issues between Smith and James were tried to a jury, resulting in a verdict for Smith against James in the sum of $4,981.90, and judgment was rendered accordingly.

The trial court overruled the objections of James to jurisdiction upon the ground that a liability did exist to the plaintiff by Smith and James and was germane to the principal issue.

James objected strenuously upon the ground that the cross-petition presented

a cause of action that was not germane to the principal controversy between the plaintiff and Smith, and was not maintainable under the provisions of the Code of Civil Procedure as a counterclaim.

Before answering to the merits, James asked that the cross-petition be dismissed by the court.

James contends that he should not have been required, over objection, to litigate the controversy presented by the cross-petition of Smith, which was not germane to the principal issue between Tilley and Smith.

The following authorities seem to sustain this view:

"A cause of action set up in a cross-bill against a party who has been made a codefendant on motion of the original defendant must be germane to the original controversy, and, where the defendant seeks to litigate a new and distinct controversy between himself and a codefendant in said cross-bill, the same is not maintainable under the statutes of Oklahoma as a counterclaim or cross-bill; the defendant will be required to litigate said counterclaim or cross-bill against his codefendant in a separate action." Johnson v. Cullinan, 94 Okla. 246, 221 P. 732, and authorities cited therein.

"A third party cannot be brought into an action as defendant on motion of the main defendant where the issues in the original suit are foreign to any issues between him and his codefendant, and the court cannot, over his objection, require him to litigate a controversy between himself and codefendant, which controversy is not germane to the issues in the original action. Enid Oil & Pipe Line Co. v. Champlin, 113 Okla. 170, 240 P. 649." State Nat. Bank of Shawnee v. Central Nat. Bank of Tulsa, 146 Okla. 142, 293 P. 1007.

See, also, Connell et al. v. Miller et al., 184 Okla. 470, 88 P. 2d. 343.

Judgment reversed and remanded, with directions to set aside the judgment and sustaining James' motion to dismiss the cross-petition.

GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.