Dora E. HOLSHOUSER, Plaintiff in Error,

v.

Paul Preston RUDELL and H. T. Larimer, et al., Defendants in Error.

No. 37364.

Supreme Court of Oklahoma.

April 23, 1958.

Rehearing Denied July 2, 1958.

Owen F. Renegar, Oklahoma City, for plaintiff in error.

Caldwell & Warren, Oklahoma City, for defendants in error.

CORN, Vice Chief Justice.

Dora E. Holshouser and others, were the owners of an oil and gas lease covering lands situated in Okmulgee County, Oklahoma. The leasehold estate, in so far as it effects a portion of the land covered thereby, was subject to an overriding royalty and an oil payment in favor of Paul Preston Rudell. These were assigned to him by Dora E. Holshouser.

An action for salt water damage, against all owners of the leasehold, was prosecuted to a conclusion. Execution was levied on said leasehold and notice of the sale thereof published as provided by law.

Prior to the date of sale H. C. Larimer became interested in acquiring said lease. By purchase he became the owner of the judgment. At the execution sale he purchased said lease. After confirmation a sheriff's deed was issued conveying the lease to him, free and clear.

Also prior to said sale, in a telephone conversation, Mrs. Holshouser advised Rudell that "we", without naming anyone, had acquired the judgment. By reason of such statement Rudell gained the impression that Mrs. Holshouser and her associate, C. H. McMillan and Larimer, the purchaser at the sale, carried out the execution sale for the sole purpose of clearing the lease of all overriding royalties and oil payments. and defrauding him of his interests.

Based on his conclusion Rudell brought this action against Mrs. Holshouser, McMillan and Larimer alleging that they had acquired the judgment aforementioned in the name of Larimer and carried out the execution sale thereunder for the sole purpose of defrauding him of his interest. He prayed that the sheriff's deed be cancelled and held for naught and his ownership of the overriding royalty and oil payment be confirmed and that he have a judgment for exemplary damages. The purchaser of the oil, Sinclair Crude Oil Company, was made a party defendant, the plaintiff praying that it be enjoined from paying any monies. from the sale of oil run therefrom except under the direction of the court.

On July 9, 1953, a joint answer in the nature of a general denial was filed in the names of the defendants, Holshouser, McMillan and Larimer. However, on the day before, July 8, a pleading, which included a motion to strike, a motion to make more definite and certain and a demurrer, was. filed on behalf of the defendant Larimer by different attorneys. Thereafter and on August 12, the same attorneys filed a separate answer and cross-petition in behalf of Larimer, denying generally the allegations of petition and alleging that he purchased the lease at the execution sale in good faith; that he was the sole owner thereof; that he did not hold title in trust

for anyone; that the sheriff's deed is valid and should be upheld and that the plaintiff take nothing by his petition. He then cross-petitioned for damages, special and punitive. The plaintiff's reply was a general denial with a reiteration of the alleged wrong doing of the defendant Larimer.

At the trial the plaintiff appeared by his attorney; the defendant appeared in person and by his attorneys, and the defendants Holshouser and McMillan by the attorney who filed the above referred to joint answer.

By stipulation of the parties the deposition of the plaintiff Rudell was introduced in evidence and constituted the evidence in chief on behalf of plaintiff. Therein was detailed the relationship of Rudell, as attorney for and adviser to Mrs. Holshouser; that she assigned to him the overriding royalty interest in payment for his legal service; that he purchased the oil payment; that he advised her to settle the salt water damage suit; that the judgment entered against Mrs. Holshouser and the other owners of interests in said lease was an agreed judgment; that he did not know McMillan or Larimer; that Mrs. Holshouser told him that "we" had purchased the judgment; that when he checked the records and found Larimer had purchased the lease at sheriff's sale he presumed that Holshouser, McMillan and Larimer had entered into a collusion to wipe out his interest; that she further told him the name of purchaser at execution sale was left blank to keep her name out of it; that he was told that Mr. Warren also represented Mrs. Holshouser, and that he was attempting to work out the judgments for her; that in checking he found that of funds from the sale a small portion was set aside for him and one other overriding royalty owner, and the balance to McMillan as the owner of the leasehold, which had been assigned to him by Mrs. Holshouser.

Larimer testified that he was a good faith purchaser of the leasehold estate at the execution sale; that McMillan presented the lease to him as for sale by Mrs. Holshouser; that when the title was examined by his attorney, and he found that it was to be sold at execution sale he (Larimer) determined to purchase it; that in order to be fully protected he purchased the judgment prior to the sale; that he is the sole owner; that he has no agreement with anyone as to the disposition of any interest therein.

Mr. Warren testified that he acted as attorney for Larimer; that Larimer was purchaser in good faith and that he used his own money in paying therefor.

The defendant Larimer waived any claim as to his cross-petition for the reason that the allegations could not be sustained.

Judgment was then entered for all the defendants.

In the journal entry the court found that the defendant, Larimer, was a valid purchaser in good faith for value of the leasehold estate and that there were no agreements of any kind existing between the defendants relating to the conveyance back of any interest. It then awarded judgment on the petition of plaintiff in favor of all defendants and confirmed the title of Larimer as a bona fide purchaser for value at the sale.

In due time Mrs. Holshouser filed motion for new trial on the grounds that she had not been represented by an attorney of her choosing; that she relied upon McMillan's representation that he would protect her interest, which he failed to do; that such representations were made to prevent her from protecting her interests; that said judgment was made and entered without the court being fully advised; that she is the owner of the lease in question; that the true issues were not before the court; that the defendants McMillan and Larimer have perpetrated a fraud upon this defendant, the plaintiff and the court. She asks that a new trial be granted and that she be permitted to plead further. This motion was overruled. In due time this defendant appealed.

The issues presented between the plaintiff and all of the defendants was the fraud and collusion of the defendants, Holshouser, McMillan and Larimer in the

working out of an agreement between themselves whereby the sale of the lease under execution would be had and the interests of the plaintiff wiped out thereby. The defendant, Larimer, in setting up a defense thereto alleged the validity of the sale, his good faith purchase of the property, that he was the owner in possession and denied that any agreements existed between the defendants. The purport of the judgment was to settle the question of fraud and collusion as between the plaintiff and the defendants.

■ There was no adverse issue between the defendants. It does not appear that the judgment, in any manner, purports to settle any issue between them. Certainly a judgment without the issues is ineffective. Tilley v. Allied Materials Corp., 208 Okl. 433, 256 P.2d 1110.

The only question that could arise is whether the controversy between the defendants was an issue that should have been presented in this case. If so its adjudication is inherent in the judgment. Covington v. Anthony, 191 Okl. 266, 128 P.2d 1012.

■ The plaintiff's evidence failed. There was no proof, which even by inference, tended to sustain the allegations that there was an agreement between the defendants amounting to fraud and collusion on their part to wipe out the plaintiff's interest. Although the controversy between the defendants is germane to plaintiff's original action, to the extent of the ownership of the leasehold estate in question, it is a distinct controversy between them and is not maintainable as a counterclaim or cross-bill. It constitutes no defense as against the plaintiff. Johnson v. Cullinan, 94 Okl. 246, 221 P. 732; James v. Smith, 192 Okl. 525, 137 P.2d 904. This being true there is nothing inherent in the judgment that in any manner effects any controversy between Mrs. Holshouser, McMillan and Larimer. The effect of the judgment is that as between plaintiff and defendant Larimer, who was a purchaser in good faith for value and is owner of the lease.

Whether Mrs. Holshouser was represented by counsel of her choice is of little concern. Judgment was rendered in her favor as to any claim the plaintiff might have against her or the other defendants by reason of their alleged fraud and collusion.

In view of our conclusion the cases cited and relied upon by Mrs. Holshouser, in effect, sustain the denial of the relief sought.

Judgment affirmed.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.