Penny Joanne RING, now Cruce, Individually and as Administratrix of the Estate of John Randall Ring, Deceased, Plaintiff [not a party to this appeal],

v.

PUBLIC SERVICE COMPANY OF OKLAHOMA, an Oklahoma corporation, Defendant–Third–Party Plaintiff–Appellant,

v.

Edwin D. LANDERS, John E. Landers and Philip E. Landers d/b/a Landers Well Service, Third–Party Defendants–Appellees.

No. 68908.

Supreme Court of Oklahoma.

May 30, 1989.

As Corrected June 8, 1989.

G. Michael Lewis, Dallas E. Ferguson, S. Doug Dodd, Messrs. Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, for defendant-third-party plaintiff-appellant.

John H. Tucker, J.A. Deaton, Messrs. Rhodes, Hieronymus, Jones, Tucker and Gable, Tulsa, for third-party defendants-appellees.

OPALA, Vice Chief Justice.

■ The sole issue presented by this appeal is whether the immunity afforded an employer by the terms of 85 O.S.Supp.1984 § 12 [1] shields it from liability to a power company for a loss paid by the latter because of a violation of the "six-foot law." We answer this question in the negative.

## I.

### THE ANATOMY OF LITIGATION

While working for Landers Well Service [employer],[2] John Randal Ring [employee] was accidentally electrocuted when a mast used to service oil wells came in contact with an electrical power line owned by Public Service Company of Oklahoma [PSO]. The employee's wife and estate sued PSO for negligently maintaining its power line. PSO, in turn, brought a third-party claim against the employer, seeking indemnity for whatever loss it may incur because of the death claim.

The employer allegedly violated 63 O.S. 1981 § 981,[3] also known as the "six-foot law." That statute prohibits anyone from doing anything which might place them, or any object, "within six (6) feet of any high voltage electrical line or conductor...." In addition to criminal penalties, the terms of 63 O.S.1981 § 984 [4] 1) impose civil liability upon violators for all damage to electrical facilities and 2) allow indemnification *"for all liability incurred by such owner or operator as a result of any such accidental contact."* [Emphasis added.] PSO predicated its third-party claim against the employer on the latter provision.

Because the employer had fulfilled its obligations under the Workers' Compensa-

---

1. The pertinent terms of 85 O.S.Supp.1984 § 12 provide:
   "*The liability* prescribed in Section 11 of this title *shall be exclusive and in place of all other liability of the employer ... at common law or otherwise,* for such injury, loss of services, or death, *to the employee,* or the spouse, personal representative, parents, or dependents of the employee, *or any other person.* * * * " [Emphasis added.]

2. The term "employer" includes the appellees, Edwin D. Landers, John E. Landers and Philip E. Landers.

3. The terms of 63 O.S.1981 § 981 provide:
   "*No person, firm, corporation or association* shall, individually or through an agent or employee and no person as an agent or employee of any person, firm, corporation or association, *shall perform or permit any agent or employee to perform any function or activity upon any* land, building, *highway,* or other premises, *when it is possible* during the performance of such activity for any person or employee engaged in performing work connected with or related to such function or activity *to move to or to be placed in a position within six (6) feet of any high voltage overhead electrical line or conductor, or when it is possi-*

ble for any part of any tool, equipment, machinery or material to be used by any such person or employee to be brought within six (6) feet of any such overhead high voltage line or conductor through any lateral, vertical or swinging motion during the performance of such function or activity." [Emphasis added.]

4. The provisions of 63 O.S.1981 § 984 are:
   "Every person, firm, corporation, association, and every agent or employee of any such person, firm, corporation, or association, who violates any of the provisions of this act, shall be guilty of a misdemeanor, and upon conviction thereof, shall be liable to a fine of not more than Five Hundred Dollars ($500.00), or imprisonment in the county jail for a term not to exceed six (6) months, or both such fine and imprisonment; and in addition thereof, *if such violation results in physical or electrical contact with any overhead high voltage line or conductor,* the person, firm, corporation or association violating the provisions of this act, *shall be liable* to the owner or operator of such high voltage line or conductor *for all damage to such facilities and for all liability incurred* by such owner or operator *as a result of any such accidental contact."* [Emphasis added.]

tion Act,[5] it moved for summary judgment, urging that the terms of 85 O.S.Supp.1984 § 12 [6] immunize it from any further liability. The trial court ruled for the employer and PSO brings this appeal.[7]

## II.

### EMPLOYER'S POTENTIAL § 984 LIABILITY TO PSO

We answered the question raised by this appeal in *Travelers Insurance Company v. L.V. French Truck Service, Inc.,*[8] where the court held that § 12 immunity *does not* shield an employer from liability to a power company for a loss paid by the latter because of a violation of the "six-foot law." We there expressly noted that the defense of contributory negligence is available to a defendant in a § 984 indemnity claim like that PSO is pressing here against the employer.[9] Summary judgment given below to the latter, premised as it was solely on the compensation law's immunity provision, must hence be reversed.

**5.** 85 O.S.1981 §§ 1 et seq.

**6.** For the pertinent terms of 85 O.S.Supp.1984 § 12, see *supra* note 1.

**7.** When the employee's claim against PSO was settled before trial, the main action was dismissed with prejudice. The alleged negligence of PSO as well as that of the employee present issues that remain judicially unsettled.

**8.** Okl., 770 P.2d 551, 553–554 [1989].

**9.** *Travelers Ins. v. L.V. French Tr. Serv., supra* note 8 at 556, n. 18.

**10.** The *employer's* answer brief contains this statement: "It is a basic fact of appellate practice that no court will decide an issue which is not properly presented by the appeal under consideration."

**11.** Okl., 622 P.2d 1066, 1070–1071 [1981].

**12.** This case presents *no* public-law question, nor does it tender one that is of *general* public interest. The appeal is confined to consideration of private rights between the parties litigant. Their interests in this controversy do not affect the public at large. Relief on grounds which were not presented to the trial court is not affordable when the forensic contest seeks a

## III.

### ISSUES TO BE CONSIDERED ON APPEAL

██ In *Travelers* the constitutionality of § 984—the indemnity-for-loss provision of the "six-foot law"—was questioned *neither* at the nisi prius *nor* in the appellate stage of litigation. Similarly, no argument advanced *below or here* tenders for our scrutiny a fundamental-law infirmity in that statute.[10] The constitutional validity of the "six-foot law" (§ 981) was settled by this court's decision in *Kimery v. Public Service Co. of Oklahoma.*[11] To now inquire *sua sponte* into § 984's conformity to the norms of our fundamental law would be to afford appellate review on a theory neither litigant has tendered.[12] Today's opinion deals *solely* with those theories of relief and defense which the parties presented in the trial court.[13]

### SUMMARY JUDGMENT FOR THE EMPLOYER IS REVERSED AND PSO'S

resolution of nonpublic demands. *See Wetsel v. Independent School Dist. I–1,* Okl., 670 P.2d 986, 994–995 [1983]; *Barks v. Young,* Okl., 564 P.2d 228, 229 [1977]; cf. *McCracken v. City of Lawton,* Okl., 648 P.2d 18, 21 [1982]; *First Nat. Bank v. Southland Production Co.,* 189 Okl. 9, 112 P.2d 1087, 1098–1099 [1941].

**13.** There is yet another barrier to reaching here the constitutional validity of § 984. *A fundamental principle of judicial restraint requires that courts avoid passing upon constitutional questions in advance of strict necessity. Lyng v. Northwest Indian Cemetery Protective Ass'n,* 485 U.S. 439, 108 S.Ct. 1319, 1323, 99 L.Ed.2d 534 [1988]; see also, *Three Affiliated Tribes v. Wold Engineering,* 467 U.S. 138, 157–158, 104 S.Ct. 2267, 2279, 81 L.Ed.2d 113 [1984]; see also, e.g., *Jean v. Nelson,* 472 U.S. 846, 854, 105 S.Ct. 2992, 2997–2998, 86 L.Ed.2d 664 [1985]; *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 2199, 68 L.Ed.2d 693 [1981]; *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 [1936] (Brandeis, J., concurring); *Smith v. Westinghouse Elec. Corp.,* Okl., 732 P.2d 466, 467, n. 3 [1987]; *Schwartz v. Diehl, Okl.,* 568 P.2d 280, 283 [1977]; *Dablemont v. State, Department of Public Safety,* Okl., 543 P.2d 563, 564 [1975].

"[N]o matter how much they [the parties] may favor the settlement of an important question of constitutional law, broad considerations of the appropriate exercise of judicial power *prevent*

THIRD–PARTY CLAIM IS REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS PRONOUNCEMENT.

HARGRAVE, C.J., and LAVENDER, SIMMS, DOOLIN and KAUGER, JJ., concur.

HODGES, J., concurs by reason of stare decisis.

ALMA WILSON and SUMMERS, JJ., dissent.

ALMA WILSON, Justice, dissenting:

I dissent to the majority's opinion for the following reasons: (1) Title 63 O.S.1981 § 984 affects substantial rights of the public at large and presents issues of due process which are ignored by the majority opinion; (2) The power company's alleged "independent" third-party action was improperly joined with plaintiff's negligence suit, thereby injecting extraneous issues into that suit, not germane to the adjudication of the plaintiff's negligence claim; (3) Title 63 O.S.1981 § 984 unconstitutionally operates to grant to owners and operators of power lines a private penalty for breach of an alleged "public safety" statute; and, (4) Title 63 O.S.1981 § 984 unconstitutionally dictates that *any person* coming within six (6) feet of any electrical line or conductor assumes the risk for the liability of another. Both constitutional infirmities preempt the present litigant's, and potentially, every person's right to due process of law in litigation thereunder.

I

TITLE 63 O.S.1981 § 984 AFFECTS SUBSTANTIAL RIGHTS OF THE PUBLIC AT LARGE AND PRESENTS ISSUES OF DUE PROCESS HEREIN

The majority opinion asserts that no argument advanced below or here tenders for our scrutiny a fundamental-law infirmity in 63 O.S.1981 § 984. I cannot agree that this Court is without bases to constitutionally scrutinize this "public safety and welfare" statute. Even Appellant argues the basis of the statute rests upon pubic safety and welfare. *See, e.g., Appellant's Brief* at Page 10, ¶ 2; Page 14, line 22; and *Appellants Reply Brief* at Page 5, Part II; Page 6, lines 14, 15; Page 7, lines 6, 7; and Page 8, line 12. *Also, See, Kimery v. Public Service Co. of Okla.,*[1] wherein the public law nature of the statute is acknowledged as relating to the safety and welfare of the general public. It is the prerogative of this Court to interpret this law in consideration of its fundamental constitutionality because a question of public policy or public interest is involved. *In re Initiative Petition No. 10 of Oklahoma City,* 98 P.2d 896, 186 Okl. 497 (1940); *First Nat. Bank of Alex v. Southland Production Co.,* 112 P.2d 1087, 189 Okl. 9 (1941); *Burdick v. Independent School Dist. No. 52 of Oklahoma County,* 702 P.2d 48 (Okla.1985); *Davis v. Davis,* 708 P.2d 1102 (Okla.1985); *Special Indemnity Fund v. Reynolds,* 199 Okl. 570, 188 P.2d 841, 199 Okl. 570 (1948); *Magnolia Petroleum Co. v. State,* 52 P.2d 81, 175 Okl. 11 (1936); *Shaffer Oil & Refining Co. v. Treasurer of Creek County,* 52 P.2d 76, 175 Okl. 6 (1936).

such determinations *unless actually compelled by the litigation before the Court. * * * 'Courts should avoid passing on questions of public law even short of constitutionality that are not immediately pressing.* Many of the same reasons are present which impel them to abstain from adjudicating constitutional claims against a statute before it effectively and presently impinges on such claims.'" [Emphasis added.] *Barr v. Matteo,* 355 U.S. 171, 172, 78 S.Ct. 204, 205, 2 L.Ed.2d 179 [1957] (quoting from *Eccles v. Peoples Bank of Lakewood Village,* Cal., 333 U.S.

426, 432, 68 S.Ct. 641, 644, 645, 92 L.Ed. 784 [1948] ).

1. 622 P.2d 1066 (Okla.1981). In *Kimery* the court held the statute constitutional only with regard to class legislation "for the purpose of promoting public safety and welfare." *Kimery* did not validate the statute as to other constitutional violations. The present case requires additional constitutional scrutiny because, *inter alia,* unlike the situation in *Kimery,* the litigation involves third party practice.

Moreover, in the case at hand, a denial of constitutional scrutiny operates to deny to *this third party litigant* fundamental due process of law. Our State Constitution, at Article 23, Section 6 unconditionally guarantees this litigant (and all litigants) a jury determination of facts relevant to contributory negligence or of assumption of the risk, *"in all cases whatsoever"*.[2] The statute operates here to preempt this fundamental jury process which is constitutionally due to all persons in this State. Lack of due process claims are an exception to the general rule and may be considered on appeal irrespective of theories presented below. *Pettit v. American Nat. Bank of Austin*, 649 P.2d 525 (Okla.1982). Questions affecting a substantial right may be considered by the reviewing court. *Stem v. Adams*, 118 P. 382 (Okla.1911).

Finally, from my examination of the record in this case, it appears that the trial court was apprised of Appellee's due process claim, although it did not rule thereon.

For all these reasons, I am convinced that the majority errs in ignoring the fundamental-law infirmities with which the so-called "six foot law" is fraught.

## II

### THE THIRD PARTY ACTION, WHICH APPELLANT INSISTS RESTS UPON AN "INDEPENDENT LEGAL RELATIONSHIP", IS NOT GERMANE TO ISSUES IN THE ORIGINAL NEGLIGENCE ACTION, AND WAS THUS MISJOINED TO THAT ACTION.

The Appellant power company here argues that the "six foot rule" statutorily creates an independent relationship between it and the decedent's employer, independent of any duty owed to the electrocuted employee, to keep him from harm's way. Absent this claimed independent legal relationship and resulting duty, the Appellant power company has no right at all to in-

demnity for its own negligence, if any, or for violation of the public safety statute. *Rucker Company v. M & P Drilling Company*, 653 P.2d 1239 (Okla.1982) and *Harter Concrete Products, Inc. v. Harris*, 592 P.2d 526 (Okla.1979). However, even *accepting arguendo,* that the statutory prescription and resulting public duty is without constitutional infirmity, such independent action is not maintainable in the plaintiff's original negligence action for the very reason that if the statutory duty is "independent", it is not germane to the negligence controversy and is not a proper subject for determination of the original suit. See, *Arthur v. Arthur*, 354 P.2d 199 (Okla.1960), wherein joinder was permitted only because the controversy involved an *identical duty;* Also, See, *Holshouser v. Rudell*, 327 P.2d 476 (Okla.1958), wherein this Court held that a cause of action to be maintainable in a cross-bill, must be germane to plaintiff's action, and if not, defendant will be required to litigate the cause of action in a separate action. This Court has similarly held so on many occasions. *Franklin Drilling Co. v. Jackson*, 217 P.2d 816, 202 Okl. 687 (1950); *James v. Smith,* 137 P.2d 904, 192 Okl. 525 (1943); *Connell v. Miller*, 88 P.2d 343, 184 Okl. 470 (1939); *Enid Oil & Pipe Line Co. v. Champlin*, 240 P. 649, 113 Okl. 170 (1923); *Porter v. Oklahoma Bacone College Trust*, 346 P.2d 328 (Okla.1959); *Baxley v. Timms*, 316 P.2d 871 (Okla.1957). *Hawkins v. Mattes*, 41 P.2d 880, 171 Okl. 186 (1935); *Allied Paint Mfg. Co., v. Banes*, 253 P.2d 826, 208 Okl. 119 (1953).

## III

### TITLE 63 O.1981 § 984 UNCONSTITUTIONALLY OPERATES TO GRANT OWNERS AND OPERATORS OF POWER LINES A PRIVATE PENALTY FOR BREACH OF STATUTORY PUBLIC SAFETY LAW

The approach to protection of public safety and welfare as dictated by the statute

---

**2.** In its Answer, PSO does, in fact, assert that the electrocuted employee "assumed the risk of in-

jury" based upon the statute now under consideration.

now under consideration is constitutionally defunct for yet another reason. This deficiency stems not so much from the fact that the statute imposes a form of strict liability upon members of the public, thereby excluding jury determination of fault for negligence; but the deficiency also results from the fact that the penalty or enforcement mechanism of this public safety statute inures not to the public fund, but only to private parties in a civil law context and such private parties themselves may have contributed to the injury or electrocution. This impermissibly bestows upon such private parties standing to prosecute the violation of a public law, and additionally, to collect the penalty for its violation. *Cf. Davis v. Davis*, 708 P.2d 1102 (Okla. 1985).

## IV

TITLE 63 O.S.1981 § 984 UNCONSTITUTIONALLY LEGISLATES ASSUMPTION OF THE RISK AND CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW

The relevant portion of the statute under consideration states:

"... [I]f such violation [i.e. *coming within six (6) feet* of any high voltage overhead electrical line or conductor] *results in physical* or electrical contact with any overhead high voltage line or conductor, the person, firm, corporation, or association violating the provisions of this act, *shall be liable to the owner or operator* of such high voltage line or conductor for all damage to such facilities and *for all liability incurred* by such owner or operator as a result of any such accidental contact. [Emphasis mine.]

The above portion of 63 O.S.1981 § 984, *on its face*, violates the Constitution of this State at *Okla. Const.*, Art. 23, § 6. Any action which is granted through an uncon-

stitutional act of the legislative branch is void and without effect from its inception. It is wholly void, and in legal contemplation is as inoperative as if it had never been passed. *State v. Board of Commissioners of Creek County*, 188 Okl. 184, 107 P.2d 542 (1940).

The above portion of 63 O.S.1981 § 984 purports to prescribe that any person coming within six (6) feet of any electrical line or conductor *assumes the risk as a matter of law* for all liability incurred by an owner or operator as a result of physical contact. This legislative prescription is plainly in derogation of Article 23, Section 6 of the Oklahoma Constitution:

"The defense of contributory negligence or of *assumption of the risk* shall, in all cases whatsoever, be a *question of fact*, and shall, at all times, *be left to the jury.*"

Thus, such owners and operators cannot constitutionally be relieved of the legal burden to defensively prove, *as a matter of fact*, whether or not an injured/electrocuted person (or his principle) truly assumed the risk of liability for physical contact with high voltage lines or conductors. Our State Constitution at Article 23, Section 6, *supra*, prohibits the legislative preclusion of assumption of the risk as anything other than a question of fact. It cannot be summarily deemed a matter of law. The people, through this provision of the State Constitution, have limited the power of the legislature to do so.[3] In this respect, the challenged portion of 63 O.S.1981, § 984 is clearly, palpably and plainly unconstitutional on its face, for it dictates, *as a matter of law*, that any person coming within six (6) feet of an overhead high voltage line or conductor assumes the risk of liability to the owner or operator (and therefore assumes the risk of physical injury or electrocution) regardless of the particular facts

---

**3.** All powers not specifically granted to the Congress of the United States or arising by implication therefrom are reserved to states or the people thereof; hence the Legislature does not get its power from the Constitution of this State.

The people of the state have, through is Constitution makers, the right to limit the power of the State Legislature. *Finerty v. Williams*, 81 Okl. 10, 196 P. 709, 716 (1921).

and circumstances or the operator/owner's own negligence.

For the reasons stated herein, I would hold 63 O.S.1981, § 984 unconstitutional, and therefore without effect.