## SMITH v. PLAINS PETROLEUM CORP. et al.

No. 23889.     Sept. 26, 1933.

N. E. McNeill, J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, and J. P. Greve, for plaintiff in error.

Floyd C. Dooley, Thomas F. Shea, J. B. Dudley, Ames, Cochran, Ames & Monnet, Harlan T. Deupree, Robert L. Berry, and R. P. Hill, Jr., for defendants in error.

OSBORN, J. It appears that the above cause is duly pending in this court on appeal from the district court of Oklahoma county.

All of the parties thereto have signed and agreed to the following stipulation:

"In full compromise and settlement of the issues in controversy in this cause the parties hereto agree and stipulate that the judgment of the district court of Oklahoma county, rendered in case 70864, Plains Petroleum Corporation v. J. W. Van Meter, Building Superintendent, filed therein March 23, 1932, and being the judgment herein appealed from, may be reversed, and this cause may be remanded to the district court of Oklahoma county, with directions to enter a judgment in accordance with the terms of this stipulation as hereinafter set out; and the parties hereto respectfully pray the Supreme Court of Oklahoma to enter its order so reversing judgment and remanding this cause, and agree that the judgment to be rendered by the district court of Oklahoma county pursuant to order of reversal and remand with instructions shall be final judgment binding upon all of them, and no appeal shall be taken therefrom and they severally waive any right they may have to appeal therefrom.

"When an order shall have been made by the Supreme Court of Oklahoma reversing the judgment referred to and remanding this cause with directions to render judgment, the judgment rendered by said district court of Oklahoma county shall be, in form and substance as follows:

"'This cause coming on to be heard in its regular order this _____ day of_____ _____, 1933, being one of the regular judicial days of the _____ 1933 term of this court, and it appearing that the Supreme Court of Oklahoma has reversed the judgment heretofore rendered herein and has remanded this cause with instructions to render a judgment in accordance with the stipulation of the parties heretofore filed in the Supreme Court of Oklahoma;

"'It is therefore ordered, adjudged and decreed, pursuant to said stipulation and pursuant to said order of the Supreme Court of Oklahoma, that a permit to drill one well for oil and/or gas upon the tract of land hereinafter described, should be granted to Plains Petroleum Corporation, and that any permit heretofore granted to Plains Petroleum Corporation upon any part of said tract should be, and it is hereby ordered and decreed that it shall be amended to include all of the tract, hereinafter described, being that tract originally constituted a "drilling block" by the order of the board of adjustment of the city of Oklahoma City, appealed from in this cause, to wit:

"'Commencing at the southeast corner of the northwest quarter of section 15, township 11 north, range 3 west, of Oklahoma county, state of Oklahoma, thence west along the south line of said northwest quarter 156.5 feet to the east line of the A., T. & S. F. Rd. right of way; thence in a northwesterly direction along the east line of said A., T. & S. F. Rd. right of way, a distance of 749.3536 feet, thence east on a line parallel, with the south line of said northwest quarter a distance of

491.453 feet, or to the east line of said northwest quarter; thence south along the east line of said northwest quarter a distance of 672.281 feet, or to the point of beginning, containing a total of 217,800.06 square feet, approximately 5 acres, more or less, which it is hereby ordered and adjudged shall constitute one drilling block and J. W. Van Meter, building superintendent, or his successors in office are ordered to execute and deliver such a drilling permit to Plains Petroleum Corporation.

" 'And it is further ordered, adjudged and decreed that Plains Petroleum Corporation and its assigns, shall be the "operators" occupying the position of oil and gas lessees of said drilling block, having and retaining their full title to the material and equipment therein and thereon as it existed prior to the rendition of this judgment and unaffected hereby.

" 'It is further ordered, adjudged and decreed that Baum Construction Company, Inc., the city of Oklahoma City and Glenn J. Smith shall have and receive in the proportions hereinafter set out, a royalty of 22.02383 per centum of all of the oil, gas and casinghead gas produced from the premises from and after date of first production thereof, and which may hereafter be produced, their interests to be free and clear of all operating expenses, subject, however, to the condition that all sales of oil, gas or casinghead gas heretofore made by the operators of said lease shall be deemed to have been made by them on behalf of said Baum Construction Company, Inc., city of Oklahoma City, and Glenn J. Smith, who shall be entitled to receive from the purchasers of such oil, gas and casinghead gas full and complete payment for their proportionate parts thereof, without interest, and less any portions thereof which have heretofore been paid to them or any of them.

" 'The royalty hereinabove provided of 22.02383 per centum of all oil, gas and casinghead gas shall be owned by the royalty owners above named, as follows:

" 'Baum Construction Company, Inc. ----------------------- 5.08475

" 'City of Oklahoma City ------ 2.65337

" 'Glenn J. Smith -------------- 14.28571

" 'It is further ordered, adjudged and decreed that the interest of Trico Petroleum Company in the oil, gas and casinghead gas produced from the said land from date of first production, in lieu of one-fourth thereof as provided in its contract with Plains Petroleum Corporation, recorded in book 182-M at page 168, in the office of the county clerk of Oklahoma county, shall be 15.47617 per cent. of all oil, gas and casinghead gas produced since date of first production, or which may hereafter be produced, and pursuant to the terms of said contract, Trico Petroleum Company shall pay one-fourth of the operating costs, subject, however, to the limitations on operating costs set out in that contract.

" 'It is further ordered, adjudged and decreed that the oil and gas lease made and entered into the 2nd day of April, 1932, by and between the city of Oklahoma City and Plains Petroleum Corporation, recorded in the office of the county clerk of Oklahoma county in book 24-O. L. at page 475 should be and it is hereby canceled, set aside, and held for naught, and none of the parties hereto shall be considered as having any obligation thereunder.

" 'It is further ordered, adjudged and decreed that the interests of Plains Petroleum Corporation, Sherry Petroleum Company, and their assigns or the successors and assigns of either of them, in and to the oil, gas and casinghead gas produced since date of first production, and/or hereafter produced, shall be as fixed by this decree, and they shall own and be entitled to receive all oil, gas and casinghead gas produced from all of the drilling block hereinabove described since date of first production and/or hereafter produced, except that hereinabove adjudged to belong to Baum Construction Company, Inc., city of Oklahoma City, Glenn J. Smith and Trico Petroleum Company, and their rights and interests, and the rights and interests of all parties to this stipulation, shall extend to the entire drilling block hereinabove described, regardless of the ownership of the various parts thereof.

" 'It is further ordered, adjudged and decreed that it is not necessary, in order to give effect to the intention of the parties hereto, to determine the controversy existing in this cause between Glenn J. Smith and the city of Oklahoma City with reference to the question of ownership of the oil, gas and other minerals in and under that part of the drilling block lying within what is known as Grand boulevard, neither this judgment and decree, nor the stipulation of the parties upon which it is based, shall determine such question of title against or in favor of either of the claimants named, nor prejudice the right of either of them to make, assert or prosecute whatever claims they have. but such question is specifically left undetermined. Provided, however, that pursuant to stipulation of the parties, the oil, gas and casinghead gas produced from the entire drilling block as described in this judgment and decree, and including that part thereof lying within Grand boulevard, whether heretofore or hereafter produced, and the proceeds thereof, shall be delivered, paid and apportioned to the various parties hereto in the proportions hereinabove stated.

" 'It is further ordered, adjudged and decreed that no transfer, assignment or

conveyance hereafter made of any interest in the "royalty" or "working interest" or rights in and to the oil, gas and casinghead gas produced or to be produced from said drilling block shall have any force or effect unless it shall cover all or an undivided part of the interest of the grantor or assignor throughout said drilling block.

"'It is further ordered, adjudged and decreed that except as herein stated, the judgment of this court rendered on the 23rd day of March, 1932, should be and it is hereby vacated, set aside, and held for naught.

"'It is further ordered, adjudged and decreed that the costs of the action shall, pursuant to the judgment of this court rendered on the 23rd day of March, 1932, be adjudged, and they are hereby adjudged, against Glenn J. Smith.

"'_____

"'District Judge.'

"And the several parties hereto respectfully request the court to approve this stipulation and to enter its order herein reversing the judgment of the district court of Oklahoma county, and remanding this cause with instructions to the district court to render judgment pursuant to this stipulation and corresponding in forms and substance to the judgment recited in this stipulation.

"Dated this 7th day of August, 1933.
"[Signed] Glenn J. Smith,
"Plaintiff in Error.

"City of Oklahoma City,
"By [signed] C. J. Blinn,
Its Mayor.

"Attest: [Signed]
J. J. Pulliam, City Clerk.

"Baum Construction Company, Inc.
"By [signed] E. C. Baum,
Its President.

"Attest: [Signed]
R. G. Baum, Sec'y

"Plains Petroleum Corporation
"By [signed] B. G. Patton,
Its President.

"Attest: [Signed]
Mary Lee Weaver.

"Sherry Petroleum Company
"By [signed] William J. Sherry,
Its President.

"Attest: [Signed]
Mary Lou Faifer, (Sec'y)

"Trico Petroleum Company
"By [signed] J. R. Louis,
Its President.

"Attest: [Signed]
T. H. Milby

"N. E. McNeill,
"J. C. Denton,
"R. H. Wills,
"J. H. Crocker,
"I. L. Lockewitz,
"J. P. Greve,
"Attorneys for Plaintiff in Error.
"By J. C. Denton [signed]

"[Signed] Harlan & Deupree
"Attorney for City of Oklahoma City.

"[Signed] Ames, Cochran, Ames & Monnet,
"Attorney for Baum Construction Co., Inc.

"Floyd C. Dooley
"Thos. F. Shea.
"Attorneys for Plains Petroleum Corporation, and Sherry Petroleum Company.
"By [signed] Thos. F. Shea

"J. B. Dudley [signed]
"Attorney for Trico Petroleum Company."

By the terms of the Constitution and statutes, this court is vested with a supervisory regulation and control over inferior tribunals, and is vested with the power and authority to reverse and remand a case to the trial court with directions to enter such judgment as the trial court should have entered. We find no inhibition either in the Constitution or statutes which would prevent such order being entered on stipulation of the parties; neither do we find any law which vests in the parties to an action in this court a vested right to proceed herein by stipulation. It is apparent, therefore, that the approval or disapproval of a stipulation is a matter addressed solely to the discretion of this court. Where it appears, however, that the stipulation is within the issues presented by the appeal, and that this court is vested with jurisdiction of the parties and subject-matter involved, and the approval of said stipulation is in the furtherance of justice, said stipulation will be approved.

The cause is reversed and remanded to the trial court, with directions to enter judgment as hereinabove set forth.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, and WELCH, JJ., concur. ANDREWS and BUSBY, JJ., absent.