Charles S. ARTHUR and Anna Pearson Arthur, Plaintiffs in Error,

v.

Ira W. ARTHUR, administrator with the will annexed, and Lizzie Kaler, executrix of the estate of J. E. Shirk, deceased; Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, Defendants in Error,

No. 36632.

Supreme Court of Oklahoma.

July 28, 1959.

Supplemental Opinion on Rehearing
Aug. 2, 1960.

200

A. K. Little, L. D. Hoyt, Oklahoma City, for plaintiffs in error.

Porta & Weaver, Rinehart & Rinehart, El Reno, for co-executors of the Shirk Estate.

Virgil M. Shaw, El Reno, for Cassie Vance Estate, defendant in error.

JOHNSON, Justice.

This is the second appeal from the District Court of Canadian County in this case. The first appeal was Arthur v. Arthur, Okl., 258 P.2d 1191. The action was commenced by Ira W. Arthur and Lizzie Kaler, co-executors of the estate of J. E. Shirk, deceased, against Virgil M. Shaw as guardian of the person and estate of Cassie Vance, an incompetent person (who before her incompetency was a co-executrix of the Shirk estate), Charles S. Arthur and Anna Pearson Arthur, his wife, for an accounting of the money and property belonging to the Shirk estate. Therein after the issues in the action for accounting were completed, the trial court ordered an accounting of the estate of J. E. Shirk, deceased. Charles S. Arthur and his wife appealed to this court from this order, and the plaintiffs (defendants in error) filed a motion to dismiss on the ground that the order was not a final order and that the errors complained of could not be presented to this court until there had been a final determination on the merits in the trial court. This Court sustained the motion and held that the order for an accounting was an interlocutory order and was not appealable and dismissed the appeal.

The record in this second appeal, which is from a judgment on the merits of the case, discloses that the original action was for an accounting as hereinbefore noted, and was brought by Ira W. Arthur, administrator of the J. E. Shirk estate with the will annexed, and Lizzie Kaler, executrix of the estate of J. E. Shirk, deceased, against Charles S. Arthur and his wife, Anna Pearson Arthur, and Virgil M. Shaw, guardian of the estate of Cassie M. Vance, an incompetent, who before her incompetency was judicially established was a co-executrix of the Shirk estate; that upon the death of Cassie M. Vance, Virgil M. Shaw was appointed as executor of her estate and upon motion of the plaintiffs the action was revived against Virgil M. Shaw as executor of the estate of Cassie M. Vance, deceased. Virgil M. Shaw, as executor of the Cassie M. Vance estate, filed a cross-petition against Charles S. Arthur and Anna Pearson Arthur for an accounting of the money and property belonging to the Cassie M. Vance estate. Judgment was rendered for the plaintiffs (the Shirk estate) against the Cassie M. Vance estate and also judgment was rendered in favor of Virgil M. Shaw, executor of the estate of Cassie M. Vance, deceased, on his cross-petition for an accounting to the Cassie M. Vance estate against Charles S. Arthur and Anna Pearson Arthur. All parties appealed, but upon stipulation and agreement and by order of this Court, over the objections of Charles S. Arthur, the cross-appeals of the Shirk and Vance estates were dismissed.

The plaintiffs, that is, the representatives of the Shirk estate, supra, and the representative of the Vance estate, supra, contend that since the dismissals of their cross-appeals by this Court upon their

stipulation and the further order of this Court denying the defendant, Charles S. Arthur, leave to be substituted for the cross-petitioner, executor of the Vance estate, in his appeal from the judgment rendered against the Vance estate, that that judgment is now final and the error thereof cannot be urged by the defendant Charles S. Arthur.

The order of dismissal, omitting the caption, provided:

"Order

"In accordance with a stipulation filed herein on the 15th day of November, 1954, and to the end that the judgment of the District Court of Canadian County, Oklahoma, in cause No. 15760 shall become final as between Ira W. Arthur and Lizzie Kaler, co-executors of the estate of J. E. Shirk, deceased, on the one hand, and Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, on the other hand, it is ordered:

"1. That the cross-petition in error of Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, is dismissed insofar as it seeks relief against Ira W. Arthur and Lizzie Kaler, co-executors of the estate of J. E. Shirk, deceased, and the estate of J. E. Shirk, deceased.

"2. That the dismissal of said cross-petition in error as aforesaid shall not preclude the said Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, from prosecuting his cross-petition in error as against Charles S. Arthur and Anna Pearson Arthur, and as against A. K. Little and L. D. Hoyt, attorneys for Charles S. Arthur and Anna Pearson Arthur.

"3. That the cross-petition in error filed herein by Ira W. Arthur, administrator with the will annexed, and Lizzie Kaler, executrix of the estate of J. E. Shirk, deceased (said Ira W. Arthur and Lizzie Kaler being at all times hereinbefore and herein-

after referred to as co-executors or executors of the estate of J. E. Shirk, deceased) as against Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, be and the same hereby is dismissed.

"4. The Clerk is directed to certify such dismissals to the Clerk of the District Court of Canadian County, Oklahoma.

"Done By the Court in Conference November 15, 1954.

"/s/ Harry L. S. Halley
"Chief Justice"

█ The foregoing order and judgment contains no provision or exception permitting Charles S. Arthur to prosecute an appeal personally, as an heir, remainderman or otherwise, from the judgment rendered against the estate of Cassie M. Vance, deceased, in the District Court of Canadian County, Oklahoma. Charles S. Arthur filed an application and motion in this case, wherein he asked this Court to vacate the order of dismissal so that he would be permitted to carry on the appeal for the Vance estate, or, in the alternative if he could not do that, he then urged that he be permitted to carry on the appeal as an heir, devisee or remainderman of the Vance estate or of the Shirk estate. In his objections to the dismissal he left nothing out. He presented, urged, briefed and orally argued every conceivable theory that would permit him to carry on the whole or any part of the controversy that had been settled by the order of dismissal. There was before this Court Charles S. Arthur's Motion to Vacate the Order of Dismissal, the response of the executor of the Vance estate, the response of the executors of the Shirk estate, Charles S. Arthur's reply thereto, the rejoinder to such reply by the executors of the Shirk estate, and all of the briefs filed in connection therewith, raised and presented to this Court every possible theory by which Charles S. Arthur as an heir, devisee, remainderman or otherwise,

might carry on the appeal and avoid the effect of the order dismissing the appeals. These issues were presented to this court by brief and oral argument by the attorneys of all the parties, after which we denied Charles S. Arthur's application, objections and contentions without exception; and such denial became the law of the case. Wilson-Harris v. Southwest Telephone Co., 193 Okl. 194, 141 P.2d 986, 148 A.L.R. 1337; 50 C.J.S. Judgments § 712 c, page 181; Parnacher v. Mount, Okl., 306 P.2d 302; Dean v. Jelsma, Okl., 316 P.2d 599.

Charles S. Arthur in his application to vacate the order of dismissal stated:

"Comes now the plaintiff in error, Charles S. Arthur, and moves the court to vacate and set aside the order entered by this court herein on November 15, 1954, and filed in the office of the clerk of this court on November 17, 1954, insofar as it dismissed the cross-petition in error of Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, against Ira W. Arthur and Lizzie Kaler, co-executors of the estate of J. E. Shirk, deceased, and the estate of J. E. Shirk, deceased, and further moves the court to substitute this plaintiff in error for the said Virgil M. Shaw as such executor as cross-petitioner in error."

In his reply to the response of the defendants in error (the representatives of the Shirk and Vance estates) to his application to vacate the order of dismissal, he said:

"If the dismissal of Shirk's appeal is permitted to stand then the judgment recovered by the executrices becomes final and the farms that the court gave to the executrices can be sold and the fee allowed to the attorneys for the executrices will be paid."

Thus, it is clearly demonstrated that there can be no doubt about what the issues were at the time the order was made denying Charles S. Arthur's application

and motion to vacate the dismissal order. That order notwithstanding, the issues as shown by the record simply denied the application to vacate the order of dismissal, leaving only the appeal of Charles S. Arthur and Anna Pearson Arthur from the judgment of the Vance estate against them; therefore, we shall confine our decision to the issues between them.

Insofar as pertinent to those issues, the record discloses that in 1944 Mrs. Vance had become and was physically unable to manage and attend to her business affairs. She requested her nephew, Charles S. Arthur, to come to her home in Canadian County, Oklahoma, and help her manage her property and business affairs. He did so and took charge of all her property which included bank accounts, bonds, mortgages, real property, rentals, etc.

Shortly thereafter in 1944 Charles S. Arthur with the assistance of his brother, Ira W. Arthur, and his sister, Mrs. Edna Preston, nee Arthur, made an inventory of all the assets of Mrs. Vance. This is undisputed.

Charles S. Arthur continued to manage Mrs. Vance's business affairs from the time he took charge of the estate in 1944 until in 1951 when she was adjudged incompetent by the Canadian County Court to handle her business affairs, and Virgil Shaw was appointed her guardian. As Mrs. Vance's guardian, Shaw filed a cross-petition in the action against Charles S. Arthur, defendant, for an accounting and report of his handling of the assets of Mrs. Vance from 1944 up until the time the cross-petition for accounting was filed.

The trial court ordered him to make the accounting as requested. Shaw acted for the estate first as guardian, then upon the death of Mrs. Vance and reviver of the action, as executor of the Vance estate. The trial resulted in a money judgment against Charles S. Arthur for the sum of $61,797.40 and judgment quieting title to a tract of land located in Lincoln County, Oklahoma, which was admittedly

purchased in the name of Mrs. Anna Pearson Arthur, the wife of Charles S. Arthur, with funds from an account of Mrs. Vance.

The court allowed Little and Hoyt, attorneys for Charles S. Arthur and Anna Pearson Arthur, an attorneys fee of $4,000 for defending them against the claims of the Vance estate payable from the Vance estate. Also an attorneys fee of $7,500 was allowed Shaw as executor of the Vance estate, who acted as his attorney in presenting the claims of his cross-petition against Charles S. Arthur and his wife, Anna Pearson Arthur, to be paid from the funds of the Vance estate.

■ The defendant, Charles S. Arthur, asserts that the cross-petition was not germane to the plaintiffs' cause of action and that the court erred in refusing to strike this pleading. The contention is not well taken. The property handled by the defendant as the agent of Cassie Vance was the subject matter of the litigation. All the co-defendant asked of him was to account for his actions in respect to that property. This was the very cause of action alleged in the petition. An accounting by the defendant to the cross-petitioner was essential to an accounting by him to the plaintiff under the allegations of the plaintiffs' petition, for it was also alleged that the defendant had co-mingled and removed these assets while agent for Cassie Vance and was withholding them.

■ The demurrer of the defendant to the cross-petition also was properly overruled. The cross-petition substantially alleged that there was a confidential relationship between the defendant and Cassie Vance and that the defendant had control of her property and all the records thereof; that there has been a demand for an accounting of the property delivered to him, but that he had failed to account for all this property or surrender possession thereof; that many thousands of dollars belonging to the ex-

ecutor of Cassie Vance was in the possession of the defendant and the cross-petitioner had no adequate remedy at law. Field v. Spencer, 176 Okl. 57, 54 P.2d 146. Defendant's argument on this proposition was more pertinent to the sufficiency of the evidence on the accounting than to the sufficiency of the allegations of the pleading.

■ It is contended that the court erred in failing to state the items account specifically. But, there is no error in this regard which we can review since the defendant did not make a timely request for findings of fact. At no time prior to judgment did the defendant request such action. No exceptions were taken at judgment or in the motion for new trial to the absence of special findings of fact. The defendant's motion for addenda to the judgment presented the request too late. Section 611, 12 O.S.1951. In the case of State ex rel. Smith v. District Court of Osage County, 188 Okl. 663, 112 P.2d 381, relied upon by the defendant, a timely request for findings of fact was made and this court expressly stated that it meant no departure from the general rule.

■ It is likewise asserted that the judgment in favor of the cross-petitioner and against the defendant is against the clear weight of the evidence. No extended argument is advanced to show that the order to account was unjustified, and indeed none could be, for there was ample evidence to show the necessity of an accounting. It was evident that the defendant was agent for Cassie Vance and occupied a position of trust in relation to her money and farms for a long period of time during which he had almost exclusive control of her business. It also appeared that he had failed to account to the guardian for the property over which he had exercised control and that large sums of money were not turned over to the guardian which had come into his possession. All the records of

his handling of this property were in the defendant's possession. The order to account was proper. Field v. Spencer, supra.

■ After the order to account was rendered, the plaintiffs and cross-petitioner employed a C.P.A. to whom part of the records in the possession of the defendant were given and from which he established a basis of accountability on the part of the defendant of some $98,400.96 by using the September, 1944, tabulation of assets as a basis. Defendant claims the taking of these records from him by subpoena was error. There is no merit to this contention for there was no suggestion that the records would tend to incriminate him. Thereafter, the defendant voluntarily produced more records and employed the same accountant to make an additional audit which resulted in a reduction in the amount for which the defendant was accountable. The first audit was introduced as Plaintiff's Exhibit 17, and the second one as Defendant's Exhibit "M". During the trial the court stated that he considered that these two exhibits "actually constitute" the defendant's accounting. (There was no reference of this matter for an accounting and report to the court.) The trial on the account consisted of an item by item examination of the first audit. During this procedure many items were agreed to by the parties as being valid credits to the defendant. A comparison of these items to the additional credits allowed the defendant in the second audit discloses that not all items agreed to by the litigants were allowed by the accountant. At best we can determine (the accountant did not follow the same procedure in both audits) items totaling $3,688.08 were agreed to as valid credits but not allowed the defendant by Exhibit "M". The second audit allowed the defendant additional credits of $16,-007.26 on schedule 2, and $11,626.07 on schedule 3 of Exhibit 17, and these items should have been granted the defendant by the court for no exception was taken to them by the cross-petitioner. In addition, it developed that Lizzie Kaler had received some $9,086.32 from the defendant for which he was not given credit, and other specific items of $33, $100, $400, $685 and $12.24 were agreed upon as proper credits but not allowed in either audit. Taking into consideration the amount of the total accountability determined by Exhibit 17 less the credits in Exhibit "M", as diminished by the specific credits due the defendant and not allowed by these exhibits, the judgment for $61,797.40 appears to be excessive by $5,034.41. The defendant insists that he also should be allowed credit for money spent in purchasing a farm for his wife, as a gift from Mrs. Vance, but this item was presented to the trial court and not allowed. Likewise, the items of the account claimed as legitimate expenditures but not allowed by the court as proper charges cannot be allowed here inasmuch as it was for the defendant to justify the expenditure. The charge of these items cannot be said to be against the clear weight of the evidence. Simper v. Scorup, 78 Utah 71, 1 P.2d 941. Neither is the defendant entitled to a claimed credit for compensation while living with Mrs. Vance, for he did not plead nor prove an agreement for compensation nor did he present the issue as a written counter-claim or setoff to his liability to her estate.

■■ The cross-petitioner and the defendant both maintain that the awarding of attorney fees to the opposite party was erroneous. The award to Virgil Shaw as attorney for himself as executor of the Cassie Vance estate was not presented by the defendant's motion for new trial nor in his petition in error, and is therefore waived. It will be for the defendant to present the matter of compensation of the executor to the county court at the proper time. The award of a fee from the Vance estate to the attorneys for the defendant is properly presented by this appeal.

It is clear from the record that the attorney acting for the Cassie Vance estate, who was also executor, did not take an active part in representing the Cassie Vance

estate, and this is further indicated by his own testimony, wherein he admitted that the work of the attorneys for Charles S. Arthur had helped some in protecting the assets of the said estate, but as to how much he would have to leave that to the court, and apparently the trial court taking into consideration this testimony, together with its own observation, concluded that said estate was benefited by said services and that a fee should be allowed to the attorneys, who, although appearing of record for Charles S. Arthur, one of the devisees and remaindermen of the Vance estate, did actually render legal services which were of benefit to the Vance estate. This would naturally benefit other devisees and remaindermen of said estate; therefore, we are of the opinion and so hold that it was not error for the trial court to award the fee as a charge against the estate of Cassie Vance. Wallace v. Fiske, 8 Cir., 80 F.2d 897, 107 A.L.R. 726.

The judgment of $61,797.40 in favor of the cross-petitioner is affirmed on condition of a remittitur of $5,034.41. The judgment awarding Little and Hoyt attorney fees as a charge against the estate of Cassie Vance is also affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH and JACKSON, JJ., concur.

HALLEY, BLACKBIRD and IRWIN, JJ., dissent.

HALLEY, Justice (dissenting).

I dissent in this case because I think that the majority opinion misconstrues the effect of the dismissals filed in this Court. There was nothing in those dismissals which in any way affected the right of Charles S. Arthur to prosecute his appeal in this case. It was not the intention of this Court to in any way curtail his rights on the appeal.

Without going into too great detail I am of the opinion that the majority has reached a very inequitable result in its decision. I dissent.

Supplemental Opinion on Rehearing

WELCH, Justice.

While this cause was pending on petition for rehearing, all interested parties entered into a written stipulation for the purpose of settling and adjusting all items of controversy existing between them in this cause, and in connection with the estates involved.

Said stipulation, by permission of the court, was filed herein and as affects this case and this opinion, provides in effect as follows:

1. That the opinion promulgated herein on July 28, 1959, shall become final in all respects except that the amount of the money judgment rendered against Charles S. Arthur shall be reduced to $40,000, and except that the trial court judgment quieting title to a described tract of land in Lincoln County shall be reversed and judgment rendered quieting title to said land in Charles S. Arthur and Anna Pearson Arthur, husband and wife, as joint tenants, and:

2. That the petition for rehearing now pending in this cause shall be withdrawn and this opinion shall become final as aforesaid:

The stipulation above referred to is as follows, to-wit:

"Agreement for Settlement of Litigation and Distribution of Estates

"This Agreement made and entered into as of February 12, 1960, by and between Ira W. Arthur, administrator with the will annexed, of the estate of J. E. Shirk, deceased, and Lizzie Kaler, executrix of the estate of J. E. Shirk, deceased, (both of whom hereafter are referred to as executors of the estate of J. E. Shirk, deceased) ; Virgil M.

Shaw, executor of the estate of Cassie Vance, deceased; and Lizzie Kaler and Ira W. Arthur, individually, and Edna Preston, Charles S. Arthur and Anna Pearson Arthur, Witnesseth:

"Whereas, Ira W. Arthur and Lizzie Kaler are the duly appointed, qualified and acting executors of the estate of J. E. Shirk, deceased, the administration of which estate is now pending in the County Court of Canadian County, Oklahoma, under No. 514; and,

"Whereas, Virgil M. Shaw is the duly appointed, qualified and acting executor of the estate of Cassie Vance, deceased, the administration of which estate is now pending in the County Court of Canadian County, Oklahoma, in cause No. 3498; and,

"Whereas, Lizzie Kaler, Ira W. Arthur, Edna Preston and Charles S. Arthur, each in their individual capacities, are the only persons having a beneficial interest in the properties and assets of the two above described estates; and are therefore competent to enter into engagements or contracts pertaining to the distribution and disbursement thereof; and,

"Whereas, in cause No. 15760 in the District Court of Canadian County, Oklahoma, on the 17th day of February, 1954, the executors of the estate of J. E. Shirk, deceased, obtained a judgment against the executor of the estate of Cassie Vance, deceased, establishing in the plaintiffs the title to certain tracts of real estate fully described in the journal entry of judgment filed in said cause, and awarding the executors of the estate of J. E. Shirk, deceased, judgment against Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, in the amount of $78,797.40; and,

"Whereas, appeals were taken to the Supreme Court of Oklahoma by the executors of the estate of J. E. Shirk, deceased, by the executor of the estate of Cassie Vance, deceased, and by Charles S. Arthur and Anna Pearson Arthur; and,

"Whereas, in cause No. 36632 in the Supreme Court of Oklahoma, on November 17, 1954, there was filed an order dismissing the appeals of the executors of the estate of J. E. Shirk, deceased, and of Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, pursuant to a stipulation filed in said cause by the executors of said respective estates; and,

"Whereas, on July 28, 1959, the Supreme Court of Oklahoma by its judgment and opinion affirmed the dismissals of the appeals by the executors of the above described estates and affirmed the judgment of the trial court with respect to the attorney fees to be paid Little and Hoyt, and with respect to the real estate located in Lincoln County, Oklahoma, but modified said judgment with respect to the amount of the judgment rendered in favor of the estate of Cassie Vance, deceased, and against Charles S. Arthur; and,

"Whereas, the case in the Supreme Court is now pending upon a petition for rehearing filed therein by Charles S. Arthur and Anna Pearson Arthur; and,

"Whereas, it is the desire of all parties having an interest in the estates of Cassie Vance, deceased, and J. E. Shirk, deceased, and in all of the litigation hereinbefore referred to, to settle and compromise the differences existing by reason of such litigation and to procure a prompt and immediate distribution of the assets of the estates of Cassie Vance and J. E. Shirk, each deceased.

"Now, Therefore, in consideration of the premises and the mutual benefits flowing herefrom, It Is Agreed:

"1. That Charles S. Arthur and Anna Pearson Arthur will withdraw

and abandon their petition for rehearing now pending in case No. 36,632 in the Supreme Court of Oklahoma, and the opinion and judgment rendered in said cause on July 28, 1959, shall become final in all respects, except that the amount of the judgment in favor of the estate of Cassie Vance, deceased, and against Charles S. Arthur shall be reduced to $40,000,00; and,

"2. Said judgment of the District Court of Canadian County, Oklahoma, with respect to the title to the following described real estate, to-wit:

"The Southeast Quarter (SE¼) and the South One-Half (S½) of the Northeast Quarter (NE¼) of Section 4, Township 12 North, Range 6 East of the Indian Meridian in Lincoln County, Oklahoma,

shall be modified to the extent that title to the above described real estate shall be confirmed and quieted in Charles S. Arthur and Anna Pearson Arthur, husband and wife, as joint tenants.

"3. All legal proceedings in the State of Iowa heretofore commenced for the purpose of enforcing the judgment in favor of Virgil M. Shaw, executor of the estate of Cassie Vance, deceased, and against the property formerly owned by Charles S. Arthur shall be dismissed.

"4. The $4,000.00 attorney fee payable from the funds of the estate of Cassie Vance, deceased, and now on special deposit in the First National Bank of El Reno, Oklahoma, shall be paid to Little and Hoyt.

"5. All obligations existing between the estate of Cassie Vance, deceased, and J. E. Shirk, deceased, shall be paid and concluded.

"6. As soon as practicable, and notwithstanding any provisions of the will of J. E. Shirk, deceased, the assets belonging to that estate shall be distributed as follows:

"(a) To Lizzie Kaler in lieu of all other benefits to which she is en-titled from said estate, $20,000.00 in money; provided, that if any of such sum remains upon the death of Lizzie Kaler, it shall become and be the property of Ira W. Arthur, Edna Preston and Charles S. Arthur in equal shares.

"(b) To Ira W. Arthur and Edna Preston, as two of the distributees under the will of Cassie Vance, deceased, the sum of $13,333.34 each in money.

"(c) To Ira W. Arthur, Edna Preston and Charles S. Arthur, all of the rest and residue of said estate, consisting of real and personal property of whatsoever kind or nature, in equal shares.

"7. Immediately upon the distribution of the assets of the estate of J. E. Shirk in accordance with the foregoing, the executor of the estate of Cassie Vance, deceased, shall file a release of the judgment in case No. 15760 in the District Court of Canadian County, Oklahoma, as modified and affirmed by the Supreme Court of Oklahoma in accordance with this stipulation.

"8. As soon as practicable the estate of Cassie Vance, deceased, shall be distributed according to the terms of the will of said Cassie Vance.

"9. All of the parties hereto agree to execute all contracts, stipulations, agreements, releases, engagements or other commitments necessary to make effective the provisions hereof.

"10. It is specifically agreed that no party hereto, his or her heirs, assigns or privies, shall commence or prosecute any action at law or equity to prevent or delay the performance of the covenants and agreements herein contained; nor will they prosecute any appeal from any judgment, order or decree made or entered pursuant to the terms hereof.

"11. The attorneys for the respective parties are authorized to sign on behalf of the parties in their individual or representative capacities all stipulations or pleadings to be filed in

any court to make effective all or any portion of this agreement.

"The provisions hereof shall be binding upon the heirs, executors, administrators, personal representative, successors or assigns of the parties hereto.

"In Witness Whereof, the parties hereto have set their hands as of the day and year first above written.

"(Signed) Ira W. Arthur
"Ira W. Arthur, Administrator with Will Annexed of Estate of J. E. Shirk, Deceased

"(Signed) Lizzie Kaler
"Lizzie Kaler, Executrix of the Estate of J. E. Shirk, Deceased

"Rinehart, Rinehart and Rinehart

"(Signed) By J. A. Rinehart
"Porta and Weaver

"(Signed) By Francis Porta
"Attorneys for Estate of J. E. Shirk, Deceased.

"(Signed) Virgil M. Shaw
"Virgil M. Shaw, Executor of the Estate of Cassie Vance, Deceased.

(Signed) Charles A. Arthur
Charles S. Arthur

(Signed) Anna Pearson Arthur
Anna Pearson Arthur
Little and Hoyt

(Signed) By A. K. Little
Attorneys for Charles S. Arthur and Anna Pearson Arthur

(Signed) Ira W. Arthur
Ira W. Arthur
Individually

(Signed) Lizzie Kaler
Lizzie Kaler,
Individually

(Signed) Edna Preston
Edna Preston"

---

All parties have now presented said stipulation with their application that this appeal be disposed of in accordance with such stipulation. The parties have further shown to the court that the matter of the settlement of the controversies involved herein has been presented to the County Court of Canadian County, Oklahoma, the court having jurisdiction of the administration of the estates of J. E. Shirk, deceased, and Cassie Vance, deceased, and that court on the 2nd day of May, 1960, and on the 4th day of May, 1960, respectively, authorized and directed the executors of said estates to comply with the provisions of the stipulation for the compromise of this litigation; and certified copies of the order of the County Court of Canadian County, Oklahoma, reflecting such authority are attached to and form a part of the application for decision in accordance with stipulation.

█ We find favor in the rule when it appears that a stipulation for determination of a pending cause is within the issues presented by the appeal and is joined in by all parties, and it appears that the approval of such stipulation would be in the furtherance of justice as stipulated by the parties, that such stipulation should be approved and the cause finally disposed of in accordance with such stipulation. Smith v. Plains Petroleum Corp. et al., 165 Okl. 100, 25 P.2d 323.

Therefore, and on account of such stipulation, the judgment of the trial court is reversed as to title to the land in Lincoln County, and the title to such land described as:

"The Southeast Quarter (SE¼) and the South One-Half (S½) of the Northeast Quarter (NE¼) of Section 4, Township 12 North, Range 6 East

of the Indian Meridian in Lincoln County, Oklahoma,"

is confirmed and quieted in Charles S. Arthur and Anna Pearson Arthur, husband and wife, as joint tenants.

And on account of such stipulation the judgment appealed from is modified to reduce the money judgment against Charles S. Arthur to $40,000.

The petition for rehearing pending herein is permitted to be withdrawn.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.